UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Richard Martin Lewiston, | Case No. 12-58599 |
| Debtor. _____/ | Hon. Phillip J. Shefferly |
| Gene R. Kohut, Chapter 7 Trustee, | Adversary Proceeding No. 14-4717-PJS |
| Plaintiff, | |
| v. | |
| Richard M. Lewiston, Leslie Lewiston Etterbeek, Jeffrey Etterbeek, Lois Lewiston, Jason Lewiston, Jennifer Lewiston, 3490 Company, LLC, a Michigan limited liability company, LJR Associates, LLC, a Michigan limited liability company, 4545 Colonial Associates, LLC, a Michigan limited liability company, Lois and Richard Lewiston Living Trust Dated September 10, 1986, Lewiston/Etterbeek Associates, LLC, a Michigan limited liability company, SLA Management Associates, LLC, a Michigan limited liability company, TAP Liquidating Company, LLC, a Michigan limited liability company, and Lois Lewiston and Richard Lewiston as Trustees, | |
| Defendants. _____/ | |

### ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND
### DATES AND DEADLINES IN ADVERSARY PROCEEDING SCHEDULING ORDER

On July 16, 2014, the Chapter 7 Trustee ("Plaintiff") filed this adversary proceeding.

Consistent with the Court's ordinary practice, the Court issued a notice of scheduling conference

and required the parties to file a Rule 26(f) report. The Court then conducted a scheduling conference with the parties on September 15, 2014. At the scheduling conference, the Court resolved a number of disputes between the parties concerning the proposed schedule for this adversary proceeding. At the conclusion of the conference, the Court determined to enter a scheduling order, but also required the parties to file a revised Rule 26(f) report. On September 16, 2014, the parties filed a revised Rule 26(f) report ("26(f) Report") (ECF No. 48). On September 17, 2014, the Court entered an adversary proceeding scheduling order ("Scheduling Order") (ECF No. 50) that adopted and incorporated the 26(f) Report. Among the deadlines set forth in the 26(f) Report were the following: (i) deadline for expert report from the Plaintiff: March 31, 2015; (ii) deadline for expert report from the Defendants: April 30, 2015; (iii) deadline for completion of discovery: May 29, 2015; and (iv) deadline for filing potentially dispositive motions: June 30, 2015. Based upon the dates set forth in the 26(f) Report, the Scheduling Order set the final pretrial conference for August 31, 2015 at 10:00 a.m., and the trial to begin on September 28, 2015 at 9:30 a.m., and to continue for the next four days if necessary.

On March 31, 2015, the Plaintiff filed a Motion to Extend Adversary Proceeding Scheduling Order ("Motion") (ECF No. 155). On April 16, 2015, one of the defendants, Richard Lewiston ("Lewiston"), filed an objection (ECF No. 156). On April 17, 2015, a number of the other defendants filed a concurrence (ECF No. 157) in the objection. On May 18, 2015, the Plaintiff filed a reply (ECF No. 194).

The Motion identifies three basic reasons why the Plaintiff requests the Court to extend the dates and deadlines in the Scheduling Order. First, the Plaintiff points out that he has been involved in extensive, time consuming and complex litigation before this Court in the § 727 adversary

-2-

proceeding objecting to Lewiston's Chapter 7 discharge, which was tried before this Court in January, 2015. Second, the Plaintiff's counsel has been involved in handling litigation pending in the Wayne County Circuit Court which, although not directly involving the Plaintiff, nonetheless has some relationship to this adversary proceeding, at least in the eyes of the Plaintiff's counsel. Third, the Plaintiff's expert in this case is the financial consulting firm Conway MacKenzie, which has informed the Plaintiff that it requires additional time to prepare its expert report regarding forensic accounting, insolvency, transfers and valuations of transfers. Based on these three reasons, the Motion requests a 90 day extension of the dates and deadlines in the Scheduling Order. On May 22, 2015, the Court held a hearing on the Motion. At the conclusion of the hearing, the Court informed the parties that it would take the Motion under advisement. The Court now enters this order to address the issues raised by the Motion.

"A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (incorporated by Fed. R. Bankr. P. 7016). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Financial Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). A court should exercise its discretion to modify a scheduling order upon a showing of good cause "only if [the scheduling order] cannot reasonably be met despite the diligence of the party seeking the extension." Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003) (internal quotation marks and citation omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." Inge v. Rock Financial Corp., 281 F.3d at 625 (citations omitted).

-3-

The issue before the Court is whether any of the reasons cited by the Plaintiff in the Motion constitute good cause. The Court is not persuaded that either of the first two reasons cited by the Plaintiff support a finding of good cause to extend the dates and deadlines in the Scheduling Order. The trial of Lewiston's § 727 adversary proceeding was complete in January, and the post-trial briefs were filed within a matter of a few days after the Motion was filed. More importantly, the Motion does not explain *how* the prosecution of the § 727 adversary proceeding affected the Plaintiff's prosecution of this adversary proceeding. Similarly, the Motion does not explain *how* the pending Wayne County Circuit Court action has affected the Plaintiff's prosecution of this adversary proceeding. The Motion does not state that the Plaintiff is a party to the Wayne County Circuit Court action, but only that the Plaintiff's attorney in this adversary proceeding also represents some of the parties in the Wayne County Circuit Court action. While the Court recognizes that both the § 727 adversary proceeding and the Wayne County Circuit Court action are complex and time consuming matters that do bear some relationship to this adversary proceeding, the Motion does not sufficiently explain how those two matters may have prevented the Plaintiff from meeting the dates and deadlines for the prosecution of this adversary proceeding.

The third reason cited by the Plaintiff in the Motion has more merit. Essentially, Conway MacKenzie is telling the Plaintiff that it needs more time to prepare its expert report. Although the Defendants point out that Conway MacKenzie has been involved in this Chapter 7 bankruptcy case for a very long period of time and has been the recipient of substantial compensation in this case, there is nothing in the record before the Court to refute Conway MacKenzie's statement that it needs more time to complete its expert report. Nor is there anything in the record before the Court that

indicates that the Plaintiff has not somehow been diligent in obtaining an expert report from Conway MacKenzie.

The only serious question for the Court regarding the Plaintiff's contention that Conway MacKenzie's need for more time constitutes good cause to grant the Motion, is whether an extension of the deadline for the Plaintiff to obtain its expert report would cause prejudice to the Defendants. There is no suggestion that the Defendants here suddenly just learned about Conway MacKenzie. After all, the Defendants argue strenuously that Conway MacKenzie has already been involved in this Chapter 7 case for a long time and has received substantial compensation. So there is no element of surprise. The only prejudice that is either directly or indirectly alleged by the Defendants is that an extension of the deadline for the Plaintiff to obtain an expert report from Conway MacKenzie may necessitate an extension of other dates and deadlines in this case, including the trial that is presently scheduled for the last week of September, 2015.

The Defendants make a good point. If the Court extends the deadline for the Plaintiff to submit its expert report, the other dates and deadlines in the Scheduling Order will have to be moved too. If the deadline for the submission of the expert report by Conway MacKenzie is extended until June 30, 2015, as requested by the Plaintiff, then fairness dictates that a like extension be granted to the Defendants for submission of an expert report by them. The Defendants' current deadline for submitting an expert report is April 30, 2015. If the Plaintiff is going to be given until June 30, 2015 to submit an expert report, then fairness warrants the Defendants being granted an extension until July 31, 2015. Further, due process requires that all parties have an opportunity to take discovery from the other side's expert based upon their respective reports. And, if additional discovery regarding the experts' reports is going to be permitted, then the current deadline of June 30, 2015

for filing any potentially dispositive motions should also be moved out a like period of time to permit the parties to have the benefit of the experts' reports and any discovery thereon prior to the deadline for them to file any potentially dispositive motions. Unfortunately, to ensure that any potentially dispositive motions are heard and adjudicated prior to the time that the parties must ready themselves for trial, it follows that the Court must also adjourn the final pretrial conference and the trial for a like period of time as the other extended dates.

The Court is not enthused about delaying the prosecution of this adversary proceeding. But there have not been any prior requests for adjournment and the Plaintiff's reason for asking for the extension of the time to file the expert's report – the uncontroverted assertion that Conway MacKenzie needs additional time in which to prepare its report – supports a finding of good cause to grant the Motion. The only prejudice that will be suffered by the Defendants is the delay in the trial and the ultimate disposition of this case. However, the delay that will be occasioned need not be a long delay. With the extension of the deadlines to file the Plaintiff's expert report, and the concomitant extension of the other deadlines, the Court will have to move the trial, but only for several weeks. It is not, in the Court's view, a significant delay given the nature of the issues, the amount in controversy, and the complexity of this litigation. There is no evidence before the Court to show that the Defendants will suffer any prejudice as a result of such delay.

The Court concludes that the Plaintiff has established good cause to grant the Motion for the purpose of providing the Plaintiff with an additional 90 days in which to submit its expert report. However, as explained, because of that additional 90 days, it is necessary for the Court to also extend the other dates and deadlines in the 26(f) Report and the Scheduling Order. In the

circumstances of this case, the Court further concludes that the Defendants will not be prejudiced by such delay. Accordingly,

**IT IS HEREBY ORDERED** that the Motion (ECF No. 155) is granted.

**IT IS FURTHER ORDERED** that the 26(f) Report and the Scheduling Order are amended in the following respects:

(i) the Plaintiff's expert report is due on **June 30, 2015**;

(ii) the Defendants' expert report is due **July 31, 2015**;

(iii) all expert discovery must be completed by **August 31, 2015**;

(iv) the deadline for filing any potentially dispositive motions is extended to **September 15, 2015**;

(v) the final pretrial conference is adjourned until **November 9, 2015 at 10:00 a.m.**; and

(vi) the trial is adjourned until **November 16, 2015 at 9:30 a.m., and shall continue to the extent necessary on November 17-20, 2015 at 9:30 a.m. each day**.

.

**Signed on May 26, 2015**

                                      **/s/ Phillip J. Shefferly**
                                      **Phillip J. Shefferly**
                                      **United States Bankruptcy Judge**