UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Richard Martin Lewiston, | Case No. 12-58599 |
| Debtor. / | Hon. Phillip J. Shefferly |
| Gene R. Kohut, Chapter 7 Trustee, | Adversary Proceeding No. 14-4717-PJS |
| Plaintiff, | |
| v. | |
| Richard M. Lewiston, Leslie Lewiston Etterbeek, Jeffrey Etterbeek, Lois Lewiston, Jason Lewiston, Jennifer Lewiston, 3490 Company, LLC, a Michigan limited liability company, LJR Associates, LLC, a Michigan limited liability company, 4545 Colonial Associates, LLC, a Michigan limited liability company, Lois and Richard Lewiston Living Trust Dated September 10, 1986, Lewiston/Etterbeek Associates, LLC, a Michigan limited liability company, SLA Management Associates, LLC, a Michigan limited liability company, TAP Liquidating Company, LLC, a Michigan limited liability company, and Lois Lewiston and Richard Lewiston as Trustees, | |
| Defendants. / | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

On July 16, 2014, the Chapter 7 Trustee ("Plaintiff") initiated this adversary proceeding by filing an 84-page, 308 paragraph, 8 count complaint. The complaint names 15 defendants, and alleges multiple fraudulent transfers involving millions of dollars. On September 15, 2014, the

Court held an initial scheduling conference with the parties. Following that conference, the Court entered an adversary proceeding scheduling order that established dates and deadlines for discovery, pretrial proceedings, and set the final pretrial conference and trial. Since that date, the parties have undertaken discovery. This order addresses a discovery dispute that has arisen between the parties.

On November 26, 2014, the Defendants filed their first set of discovery requests (ECF No. 105). The Defendants' discovery requests contains a request for production of documents ("Document Requests") under Fed. R. Civ. P. 34, as incorporated by Fed. R. Bankr. P. 7034, and interrogatories ("Interrogatories") pursuant to Fed. R. Civ. P. 33, as incorporated by Fed. R. Bankr. P. 7033. On December 23, 2014, the Plaintiff filed objections and responses ("Objections and Responses") (ECF No. 130). On April 21, 2015, the Defendants filed a motion to compel ("Motion to Compel") (ECF No. 159). The Motion to Compel alleges that the Objections and Responses do not satisfy the Plaintiff's obligations under the applicable Federal Rules of Civil Procedure. On May 8, 2015, the Plaintiff filed a response (ECF No. 172) to the Motion to Compel. On May 22, 2015, the Court held a hearing on the Motion to Compel.

The Motion to Compel raises two basic points: first, the Motion to Compel alleges that the documents produced by the Plaintiff are insufficient, and second, the Motion to Compel alleges that the Plaintiff's answers to the Interrogatories are insufficient. The Court will deal with the production of documents first.

The Document Requests include nine numbered paragraphs. The Defendants concede that the Plaintiff produced approximately 45 boxes of documents, with each box labeled as to its contents. However, the Plaintiff has several objections, the first of which pertains to the manner in which the documents were produced.

Fed. R. Civ. P. 34(b)(2)(E)(i) specifies the manner in which documents must be produced pursuant to that rule: "unless otherwise stipulated or ordered by the court . . . [a] party must produce

documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." The Plaintiff does not contend that he labeled the documents "to correspond to the categories" in the Document Requests. Therefore, the Plaintiff can only meet his obligation under Rule 34(b)(2)(E)(i) if he produced the documents "as they are kept in the usual course of business." Although not directly addressing this legal standard, the Plaintiff in substance argues that all the documents in his possession are documents that he received in his capacity as Chapter 7 trustee, most of which came from the Defendants themselves, in connection with this Chapter 7 bankruptcy case and the various litigation that arose in it. There is nothing in the record before the Court to indicate that the Plaintiff did not produce the documents "as they are kept in the usual course" of his business as the Chapter 7 trustee. Therefore, the Plaintiff has met his obligation to produce those documents identified in paragraphs 1, 2, 3, 4, and 9 of the Document Requests. The other numbered paragraphs of the Document Requests raise issues that are somewhat more complicated.

Paragraph 5 of the Document Requests identifies 17 specific documents. The Plaintiff concedes that he did not specifically produce these documents, but only produced them in a general way by directing the Defendants to the 45 boxes of documents that he turned over. That is not sufficient. The rule requires the Plaintiff to *produce* documents that are designated by the requesting party – not just tell the requesting party where to look. The Court agrees with the Defendants that the Plaintiff must specifically produce the 17 documents described in paragraph 5.

Paragraphs 6, 7, and 8 of the Document Requests seek all documents, communications, correspondence, and emails to and from the Plaintiff with respect to various individuals. The Plaintiff objects to producing all privileged documents. The Defendants contend that it is not enough to simply assert a privilege but that the Plaintiff must produce a privilege log. With one exception, the Court agrees with the Defendants.

On May 14, 2014, the Court approved the term sheet settlement agreement that authorized the Plaintiff to hire special counsel to prosecute this adversary proceeding on behalf of the Plaintiff. Paragraph 8 of the Document Requests specifically identifies the Plaintiff's special counsel as Mayer Morganroth, Daniel E. Harold and Wallace Handler (collectively, "Special Counsel"). The Court agrees with the Plaintiff that communications between the Plaintiff and Special Counsel on or after May 14, 2014 are protected by the attorney client privilege. It would be unnecessarily burdensome to require the Plaintiff to produce a privilege log with respect to such communications. However, the Court agrees with the Defendants that any communications between the Plaintiff and Special Counsel prior to May 14, 2014 would ordinarily not be covered by the attorney client privilege. If the Plaintiff believes that there are any such documents prior to May 14, 2014 that are privileged, then the Plaintiff will have to support such claim with a privilege log. The same goes for any documents between the Plaintiff and any individuals other than Special Counsel who are identified in paragraphs 6, 7, and 8: if the Plaintiff claims privilege, he must produce a privilege log. Therefore, the Court will grant in part and deny in part the Motion to Compel's request that the Plaintiff produce a privilege log.

As for the Interrogatories, the Court largely agrees with the Defendants – the Plaintiff's answers are insufficient. Rule 33(b)(3) states that: "each interrogatory must, to the extent that it is not objected to, be answered separately and fully in writing under oath." It is not enough under this rule for the Plaintiff to answer an Interrogatory by simply pointing the Defendants back to the complaint. Nor is it enough to answer an Interrogatory by telling the Defendants that the answer to the Interrogatory can be found in the documents that have been produced. Further, in those instances where the Plaintiff answers an Interrogatory by directing the Defendants to look at the Debtor's testimony, it is not enough unless the Plaintiff also identifies, at a minimum, the proceeding in which the testimony took place, the date on which it took place, and the page of the transcript at

which the relevant testimony can be found. It is also not sufficient for the Plaintiff to respond to Interrogatories by referring to third party documents, specifically records of the Michigan Department of Licensing and Regulatory Affairs. In sum, the Court agrees with the Defendants that the Plaintiff's answers to Interrogatories are not sufficient to comply with the Plaintiff's duties under Fed. R. Civ. P. 33.

One final issue regarding the Interrogatories also needs to be addressed. The Plaintiff answered many of the Interrogatories by simply stating that "all non-privileged documents that directly or indirectly" respond to the Interrogatory "will be made available for inspection and review." That is not a sufficient answer under the rule. It is true that Rule 33(d) permits a party to answer an interrogatory by directing the requesting party to records, but only if such records are the answering party's business records; only if the burden of deriving or ascertaining the answer to the interrogatory therefrom will be substantially the same for either party; and only if the responding party specifies the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify the document as readily as the responding party could. The Plaintiff falls far short of this standard with his blanket direction to the Defendants to look at the 45 boxes of documents produced. The Plaintiff does not address the relative burdens of the Plaintiff and the Defendants, and makes no attempt to specify in detail which records to look at. The Court concludes that the production of documents by the Plaintiff in this case, while sufficient in most respects to comply with the Document Requests under Rule 34, as explained earlier in this order, is not sufficient under Rule 33(d) to answer the Interrogatories. Accordingly, for the reasons explained in this order,

**IT IS HEREBY ORDERED** that the Motion to Compel (ECF No. 159) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the Plaintiff must produce the specific documents described in paragraph 5 of the Document Requests.

**IT IS FURTHER ORDERED** that the Plaintiff must produce the documents described in paragraph 6 of the Document Requests unless the Plaintiff claims such documents to be privileged, in which case the Plaintiff must prepare and produce a privilege log in support. Notwithstanding the foregoing, the Plaintiff need not produce a privilege log with respect to any documents, emails, or other communications from and after May 14, 2014 to which Special Counsel was a sender or recipient.

**IT IS FURTHER ORDERED** that the Plaintiff must produce the documents described in paragraph 7 of the Document Requests unless the Plaintiff asserts a privilege, in which case the Plaintiff must prepare and produce a privilege log.

**IT IS FURTHER ORDERED** that the Plaintiff must produce the documents described in paragraph 8 of the Document Requests unless the Plaintiff claims such documents to be privileged, in which case the Plaintiff must prepare and produce a privilege log in support. Notwithstanding the foregoing, the Plaintiff need not produce a privilege log with respect to any documents, emails, or other communications from and after May 14, 2014 to which the Special Counsel was also a sender or recipient.

**IT IS FURTHER ORDERED** that the Plaintiff shall provide full and complete responses to each of the Interrogatories. By way of clarification, it is not sufficient for the Plaintiff to answer by simply directing the Defendants to review the complaint or any portion thereof, nor is it sufficient for the Plaintiff to answer by directing the Defendants to look at the 45 boxes of documents produced by the Plaintiff. Further, if the Plaintiff answers an Interrogatory by directing the Defendants to prior testimony of the Debtor, the Plaintiff must identify, at a minimum, the

proceeding in which the testimony was taken, the date on which the testimony was taken, and the page number of the transcript at which such testimony can be found. Further, if the Plaintiff answers an Interrogatory by directing the Defendants to review the documents of any third party, the Plaintiff must produce the documents or, at a minimum, identify the third party and the documents by description, date, and title.

**IT IS FURTHER ORDERED** that the documents to be produced pursuant to this order must be produced no later than **June 15, 2015**.

**IT IS FURTHER ORDERED** that the full and complete answers to Interrogatories as required by this order must be provided no later than **June 15, 2015**.

```
Signed on May 26, 2015
                                     /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge
```